I respectfully dissent.
When the evidence is construed most favorably towards Ms. Bolden, it suggests the following: Ms. Dotson directed Ms. Bolden to enter the lab area and leave her specimen on Ms. Dotson's desk; Ms. Bolden stood on the side of the desk opposite from where Ms. Dotson sat; the telephone cord that entangled Ms. Bolden's feet draped freely to the floor from Ms. Dotson's desk; and the telephone cord was of sufficient length such that it could be stretched to allow the telephone to be carried from Ms. Dotson's desk to other areas in the lab. In my view, this evidence was sufficient to establish triable issues of material fact as to whether the defendant failed to exercise ordinary care to maintain its premises in a reasonably safe condition, to warn its invitees of latent or concealed defects, and to take reasonable precautions to protect invitees from dangers that were foreseeable from the arrangement and use of the premises. SeeMervine v. Society National Bank (Oct. 13, 1993), Summit App. No. 16182, unreported (reversing summary judgment against bank invitee who tripped on telephone cord that draped freely from desk to floor).
This is not a case in which Bolden's fall was caused by some unknown or otherwise foreign substance that was tracked into the premises and of which the defendant was unaware, so the majority's reliance on Boles v. Montgomery Ward Co. (1950),153 Ohio St. 381, and Parras v. Standard Oil Co. (1953),160 Ohio St. 315, is misplaced. This condition unquestionably was of the defendant's own doing, and the property owner who creates a condition is presumed to know what it created.Crane v. Lake wood Hospital (1995), 103 Ohio App.3d 129, 136.
I would sustain the assignment of error, reverse the judgment and remand the matter for further proceedings.